BONIN, J.,
dissents with reasons.
|,I respectfully dissent.
The specific intent involved in a theft of goods is the “intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking ... and may be inferred when a person ... [ijntentionally conceals on his person or otherwise goods held for sale.” La. R.S. 14:67.10 A(l). The circumstantial evidence suffices in this case to establish beyond a reasonable doubt that the taking without payment of steaks and ground meat from the supermarket was done with the intent to deprive the merchant permanently of those goods. And, of course, one is guilty as a principal when aiding and abetting in the commission of a crime. See La. R.S. 14:24. Consequently I find that the trial judge was not necessarily clearly wrong in adjudicating D.H. a delinquent despite the distasteful aspects of her prosecution.
But, as Judge LobRano explains in her dissenting opinion, the juvenile judge committed legal error in failing to consider an authorized outcome under La. Ch.C. art. 884 B, and thus I would conditionally vacate the delinquency adjudication and, like Judge Lobeano, remand for the juvenile judge to consider whether the best interests of this child, including avoiding stigmatization, is served by adjudication under Article 884 B incorporating La. Ch.C. art. 730(7).